IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

JOHN BAILEY,

      Petitioner,

v.                          CASE NO. 4:11-cv-362-SPM-GRJ

SECRETARY, DEPT.
OF CORRECTIONS,

      Respondent.

_____/

## REPORT AND RECOMMENDATION

      Petitioner initiated this case by filing Doc. 1, a habeas corpus petition pursuant to 28 U.S.C § 2254 in which Petitioner challenges a prison disciplinary conviction that resulted in the loss of gain time.  This matter is now before the Court on Doc. 6, Respondent's motion to dismiss for failure to exhaust administrative remedies, and Doc. 15, Petitioner's motion for expedited ruling.   The motion for expedited ruling is **GRANTED** to the extent that the undersigned recommends that the motion to dismiss be denied and that Respondent be directed to respond to the merits of the Petition.[1]

## Background

      The events underlying the Petition occurred while Petitioner was confined at Union Correctional Institution.  Petitioner was charged with the offense of disrespect to

---

[1]Petitioner states that his earliest release date is April 11, 2012, and that if he succeeds on the merits of his Petition he will be entitled to immediate release.  A review of the DOC inmate locator reflects that Petitioner's current release date is May 9, 2012. *See* http://www.dc.state.fl.us.

officials on February 15, 2009.  Doc. 13-2 at 1-2.  The charging report advised

Petitioner that following his disciplinary hearing he would be informed "verbally and in

writing as to the decision" and the recommended penalty, and that if found guilty such

finding could be appealed "within 15 days of the receipt of written notice" of the

decision.  *Id*.  The disciplinary records indicate that Petitioner refused to appear at the

disciplinary hearing.  *Id*. at 8.  Petitioner was found guilty, and was sanctioned with the

loss of sixty days of gain time and 30 days in disciplinary confinement.  *Id*. at 9.  The

administrative record does not reflect when Petitioner was provided with written notice

of the hearing decision.

At some point, Petitioner was transferred to Charlotte Correctional Institution.

On August 31, 2009, Petitioner signed a formal grievance to the Warden of Charlotte CI

regarding his Union CI disciplinary hearing; it was received in the grievance office on

September 21, 2005.  *Id*. at 11.  In the grievance, Petitioner stated that he did not

receive the written hearing decision until August 28, 2009, because it had been withheld

from him.  He also stated that he did not refuse to be present at the hearing.  *Id*.

Petitioner's grievance, and subsequent administrative appeals, were rejected as

untimely because his grievance was not received within 15 days of the disciplinary

hearing.[2]  *Id*. at 12, 13-23.

Petitioner filed a petition for writ of mandamus in the Leon County Circuit Court.

_____

[2]Pursuant to Fla. Admin. Code § 33-103.11(1)(b), a formal grievance must be received no later than 15 calendar days from the date on which the incident or action to be grieved occurred.  An inmate may seek an extension of time to submit a grievance upon a showing that it was not feasible to timely file a grievance and that the inmate made a good-faith effort to timely file.  Fla. Admin. Code § 33-103.11(2).

The court dismissed the petition because Petitioner failed to file a timely administrative grievance following his disciplinary hearing.  *Id*. at 64-65.  Petitioner appealed the dismissal of his mandamus petition to the First District Court of Appeal, which affirmed *per curiam* without opinion.  *Id*. at 119.

Petitioner filed the instant federal petition, arguing that his due process rights were violated because he did not receive a written copy of the disciplinary decision.  He contends that after he finally received a copy, he timely appealed within the time limit stated on the disciplinary documents.  Petitioner contends that he did not refuse to appear at his disciplinary hearing, as the hearing documents reflect.  Doc. 1.

## Exhaustion of Administrative and State Court Remedies

In order to file a habeas corpus petition under 28 U.S.C. § 2254, a state prisoner must first exhaust all available state court remedies. 28 U.S.C. § 2254(b)(1); See *Duncan v. Henry*, 513 U.S. 364, 364-65 (1995).   In order to satisfy the exhaustion requirement, the petitioner "must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999). An issue that was not presented to the state court and which can no longer be litigated under state procedural rules is considered to be procedurally defaulted. *Id*. at 839-40, 848; *Bailey v. Nagle*, 172 F.3d 1299, 1302-03 (11th Cir.1999).  Procedural default may occur where the state court correctly applies a procedural principle of state law and concludes that the petitioner's federal claims are barred. *Bailey*, 172 F.3d at 1302-03.   A federal court is not required to honor a state's procedural default ruling, however, unless that ruling rests on adequate state grounds that are independent of a federal question. *See*

*Harris v. Reed*, 489 U.S. 255, 262 (1989).

The Court employs a three-part test to determine whether a state's procedural ruling constitutes an adequate and independent state rule of decision. *Judd v. Haley*, 250 F.3d 1308, 1313 (11th Cir.2001). "First, the last state court to render judgment in the case must clearly and expressly state that it is relying on state procedural rules to resolve the federal claim without reaching the merits of that claim." *Id.* Second, the state court's decision must rest entirely on state law grounds and not be intertwined with an application of federal law*. Id.* "Finally, the state procedural rule must be adequate; *i.e.,* it must not be applied in an arbitrary or unprecedented fashion." *Id.* In other words, the rule must be "firmly established and regularly followed." *Ford v. Georgia*, 498 U.S. 411, 423-25, 111 S.Ct. 850, 857-58, 112 L.Ed.2d 935 (1991).

The Supreme Court has held that when a prison disciplinary proceeding may result in the loss of time credits, a prisoner is entitled to the following three procedural protections: (1) advance written notice of the charges and at least 24 hours to prepare a defense; (2) an opportunity, consistent with institutional safety and correctional goals, to call witnesses and present documentary evidence in his own behalf; and (3) a written statement by the fact-finder of the evidence relied upon and the reasons for the disciplinary action. *Wolff v. McDonnell*, 418 U.S. 539, 563-66 (1974). Due process standards are satisfied if the findings of the disciplinary officer are supported by "some evidence." *Superintendent, Mass. Corr. Inst., v. Hill*, 472 U.S. 445, 447 (1985).

## Discussion

In this case, the Court concludes that the state court's decision applying the procedural exhaustion bar to Petitioner's claim is not independent of the federal

question presented by the Petition, because application of the bar directly implicates Petitioner's federal due-process claim that he did not receive written notice of the hearing decision until long after the time for pursuing administrative remedies had lapsed.  In its motion to dismiss, Respondent points to nothing in the record that establishes when Petitioner was provided with such written notice, as required by *Wolff*. Further, as Petitioner contends, the disciplinary documents advised him that an appeal could be taken within 15 days of receipt of the written decision, and Petitioner's allegation that he did so is not refuted by the record presently before the Court.  *See* Doc. 13-2 at 2.

## Conclusion

It is respectfully **RECOMMENDED** that Respondent's motion to dismiss, Doc. 6, be **DENIED,** and that the case be referred to the undersigned for further proceedings, to include an order directing Respondent to file a response addressing the merits of Petitioner's due process claims on an expedited basis.

**IN CHAMBERS**  this 13th day of March 2012.

*s/Gary R. Jones*

GARY R. JONES
United States Magistrate Judge

### NOTICE TO THE PARTIES

A party may file specific, written objections to the proposed findings and recommendations within 14 days after being served with a copy of this report and recommendation.  A party may respond to another party's objections within 14 days after being served with a copy thereof.  Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.